IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **KANOK NIKROTHANOND,** individually, and on behalf of all others similarly situated, <br><br>*Plaintiff,*<br><br>v.<br><br>**MYPIZZA TECHNOLOGIES, INC.,** a Delaware corporation,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Kanok Nikrothanond ("Nikrothanond" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant MyPizza Technologies, Inc. d/b/a Slice ("Slice" or "Defendant") to stop Slice from violating the Telephone Consumer Protection Act ("TCPA") by making prerecorded solicitation calls to consumers without their consent, and to otherwise obtain injunctive and monetary relief for all persons injured by Slice's conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### INTRODUCTION

1. Slice provides an app-based online platform that allows consumers to order pizza and related items from local pizzerias.[1]

2. Slice solicits local pizzerias to join their network and provides them with a landing page on Slice's website, a VOIP phone number, and marketing services for the local

---
[1] https://www.linkedin.com/company/mypizza/about/

pizzeria. In return, Slice receives $1.95 for each order that is placed through the Slice platform to the local pizzeria.[2]

3. Slice drives traffic to the pizzerias using a number of different methods, including telemarketing.

4. Slice places prerecorded telemarketing solicitation calls to consumers from the VOIP phone numbers Slice provides to the local pizzerias in its network, encouraging consumers to use Slice to place pizza orders from the local pizzerias for Slice's and the local pizzerias' joint benefit.

5. Upon information and belief, Slice maintains exclusive control of the VOIP phone numbers it provides to the local pizzerias in its network that Slice uses to place pre-recorded calls to consumers.

6. Defendant Slice does not obtain the required prior express written consent before making these pre-recorded calls to consumers as is required by the TCPA.

7. Plaintiff Nikrothanond received a prerecorded phone call from Slice, despite never having provided his prior written express consent to Slice or the pizzeria associated with the VOIP number that was calling him.

8. In response to this unsolicited call, Plaintiff Nikrothanond files this lawsuit seeking injunctive relief, requiring Defendant to stop placing unsolicited calls to consumers using a prerecorded message, as well as an award of statutory damages to the members of the Class and costs.

**PARTIES**

9. Plaintiff Nikrothanond is a Chicago, Illinois resident.

---

[2] https://slicelife.com/pages/about-pizzerias

2

10. Defendant Slice is a Delaware corporation headquartered in New York, New York.

## JURISDICTION AND VENUE

11. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the TCPA, 47 U.S.C. § 227.

12. This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant is headquartered in this District, and because the wrongful conduct giving rise to this case was directed from this District.

## COMMON ALLEGATIONS

**Slice Places Pre-recorded Solicitation Calls to Consumers Without Proper Consent**

13. Slice markets to consumers using the names of the pizzerias in its network, and encourages consumers to place orders to these local pizzeria through the Slice app or website.

14. Slice assigns each pizzeria a unique VOIP phone number that Slice maintains control over and uses for sales and marketing purposes, including to place pre-recorded calls to consumers. For example, Slice assigned the phone number 708-572-3368 to Al's Pizzeria:



---

[4] https://slicelife.com/pizzerias/il/riverside/60546/al-s-pizzeria-riverside/menu

3

15. The pizzerias that join Slice's network do not maintain control or ownership over the VOIP phone number that Slice assigns to them, and do not initiate the pre-recorded calls to consumers.

16. The pre-recorded solicitation calls from Slice advertise the benefits of Slice, encouraging the recipient of the prerecorded phone call to download and place an order using the Slice app.

17. If a consumer places an order using the Slice app, Slice earns $1.95 for that, and each subsequent order.

18. When a consumer calls back a Slice VOIP phone number that they were called on, such as 708-572-3368, they hear a prerecorded message that offers an incentive to place an order using the Slice app, and that offers to send a text message to consumers' cellular phones with a link to the Slice app. The message states:

> "…to save $3 by ordering on the Slice app, press '1' and we'll send you a text message with your code. To continue to order by phone, please press '2.'"

19. If a consumer presses "1," they receive the following text message:



Download the Slice app and enter code TEXTMEPIZZA at checkout for $3 off your first order. https://feywy.com/e8uBk2e9px

65396 • 2 min

20. The URL in the text message from Slice leads to https://slicelife.com/?shortlink=IVR&pid=Twilio&c=IVR_app_upsell. From this URL, a consumer can download the Slice app, or order pizza from Slice's website.

21. Slice makes prerecorded calls to consumers without their prior express written consent.

## PLAINTIFF'S ALLEGATIONS

### Slice Called Plaintiff Using a Prerecorded Message Without Plaintiff's Consent

22.     On March 4, 2019 at 11:24 AM, Plaintiff Nikrothanond received a prerecorded call from Defendant using phone number 708-572-3368.

23.     The prerecorded message that Plaintiff heard solicited Plaintiff to order food through Slice.

24.     Prior to receiving the message, Plaintiff had not heard of Slice and had never downloaded the Slice app.

25.     Phone number 708-572-3368 is the number Slice assigned to Al's Pizzeria.[5]

26.     Plaintiff has never ordered pizza from Al's Pizzeria or any other pizzeria through Slice, and has never provided his prior written express to Al Pizzeria or to Slice to receive pre-recorded calls.

27.     Seeking redress for these injuries, Nikrothanond, on behalf of himself and a Class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits prerecorded telephone calls to consumer telephones.

## CLASS ALLEGATIONS

### Class Treatment Is Appropriate for Plaintiff's TCPA Claim

28.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and all others similarly situated and seeks certification of the following Class:

> All persons in the United States who from four years prior to the filing of this action (1) Defendant (or an agent acting on behalf of Defendant) called, (2) using a prerecorded voice message, (3) for substantially the same reason Defendant called Plaintiff, and (4) for whom Defendant claims (a) it obtained prior express written consent in the same manner as Defendant claims it obtained prior express consent to call Plaintiff, or (b) Defendant did not obtain prior express consent.

---

[5] https://slicelife.com/pizzerias/il/woodridge/60517/al-s-pizzeria/menu?clientId=2066606558.1553006422&segment_id=799a794a-b6b0-4530-90c3-2c6e226bf65c

29. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

30. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable.

31. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

> (a) whether Defendant placed calls using a prerecorded message to Plaintiff and the members of the Class;
>
> (b) whether Defendant placed calls using a prerecorded message to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;
>
> (c) whether Defendant's conduct constitutes a violation of the TCPA; and
>
> (d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

32. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no

defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to the Class.

33.  **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
Telephone Consumer Protection Act
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Prerecorded No Consent Class)**

34.  Plaintiff repeats and realleges paragraphs 1 through 33 of this Complaint and incorporates them by reference herein.

35.  Defendant and/or its agents made unwanted telephone calls to telephone numbers belonging to Plaintiff and the other members of the Class using a prerecorded message.

36.  These telephone calls were made *en masse* without the consent of the Plaintiff and the other members of the Class to receive such telephone calls.

37.  Defendant's conduct was wilful and knowing.

38. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1). As a result of Defendant's conduct, Plaintiff and the other members of the Prerecorded No Consent Class are each entitled to between $500 and $1,500 for each and every call.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Nikrothanond, individually and on behalf of the Class, prays for the following relief:

a) An order certifying the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing his attorneys as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited prerecorded message calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Nikrothanond requests a jury trial.

Respectfully Submitted,

**KANOK NIKROTHANOND**, individually and on behalf of all other similarly situated individuals

Dated: March 21, 2019

/s/ *Stefan Coleman*
Stefan Coleman
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, P.A.
5 Penn Plaza, 23rd Floor
New York, NY 10001
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

Avi R. Kaufman*
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street

Miami, FL 33127
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Class*

*\*Pro Hac Vice motion forthcoming*